**LYDICK et al. v. FISCHER, Commissioner of Insurance of Iowa.**

No. 12671.

Circuit Court of Appeals, Eighth Circuit.

March 27, 1944.

B. E. Godfrey, of Fort Worth, Tex., and Robert A. Adams, of Indianapolis, Ind. (John M. Scott, of Fort Worth, Tex., on the brief), for appellants.

Donald Evans, of Des Moines, Iowa (William F. Riley, Ehlers English, and Hubert C. Jones, all of Des Moines, Iowa, on the brief), for appellee.

Before THOMAS and JOHNSEN, Circuit Judges, and OTIS, District Judge.

JOHNSEN, Circuit Judge.

The appeal challenges the decree which the District Court has now entered on our mandate in American United Life Insurance Co. v. Fischer, 8 Cir., 130 F.2d 643.

Our decision was to the effect that the State of Iowa became vested, on June 17, 1938, with the legal title, and all the inherent incidents thereof, to such securities as had been deposited by American Life Insurance Co., a Michigan company, with the Iowa Insurance Commissioner, under the terms of a reinsurance agreement by which the Michigan company had been permitted to take over the policies of an Iowa company; that such title was vested in the State for the benefit of the policyholders of the old Iowa company, with the right as legal owner, from June 17, 1938, to collect all unpaid obligations of principal and interest and to enforce the collateral, or otherwise to liquidate the securities, and to make distribution of the proceeds to the policy beneficiaries in accordance with Iowa law; and that Iowa thus had the independent right to administer the securities through a receivership in its own courts, without any subordinacy to the general receivership of the Michigan company in its home state, or to any ancillary receivership for the company in some other state, such as had been created in Texas where the real estate security of some of the mortgages and trust deeds involved was located.

In denying a petition for rehearing filed by the Texas receiver, we added, 130

F.2d at page 649, that our decision, of course, did not imply that, if the Iowa receiver undertook to resort to the courts of another state, he would not be subject to the public policy of that state, in relation to such recognition as was required to be given his adjudicated Iowa rights under full faith and credit. Like any other litigant, he necessarily would be subject to the operation of this principle, as a matter of recognized general law, without any express declaration on our part.

Appellants attack the District Court's decree on the ground that it fails to incorporate this principle in its provisions. The rule is, as we have indicated, one of inescapable general law, so that there obviously is no need to state it specifically in the decree. Technically, also, it does not have any immediate relationship to a declaration of the rights of the State of Iowa and its receiver in the securities under Iowa law, to which our adjudication was limited. The enforcement by another state of its general public policy, in a case where the Iowa receiver might resort to its courts, necessarily would be an application of its own law and not of Iowa law. The contention of appellants is without any general merit, and we need not go into the details of the argument.

■ Appellants next attack the fourth paragraph of the decree, and contend that the District Court's declaration, that the Iowa receiver was entitled to "all of the principal, income, interest due and accrued, and all advancements and capitalized amounts due and accrued on the deposited securities as of June 17, 1938", should have been limited to the "amounts of money then or thereafter physically located within the State of Iowa". Such a restriction would be both incorrect and misleading. It might be construed as implying that the Iowa receiver's ownership was in no way extraterritorial under Iowa law and could not be asserted beyond the boundaries of his own state—which our decision manifestly does not hold.

■ Appellants' brief goes on to state that the Michigan and Texas receivers have made advances for taxes, and other expenditures also, in connection with some of the real estate on which the Iowa receiver holds mortgages and trust deeds, and then declares that the effect of the fourth paragraph of the decree is to make a gift of these sums to the Iowa receiver. It would appear that what appellants are attempting to get us to do is to take a side dip into the field of possible accounting and adjustment between the Michigan and Texas receivers and the Iowa receiver—a matter which we expressly excluded from the scope of our decision. See 130 F.2d at page 648. The decree of the District Court by its terms is an adjudication only of the Iowa receiver's rights in the securities, under Iowa law, in relation to their status on June 17, 1938. Any advances which the Michigan and Texas receivers may have made to preserve the security of the Iowa receiver's mortgages and trust deeds, manifestly, from the dates of the appointment of these receivers, have been made subsequent to June 17, 1938. Whether such advances do or do not constitute equitable liens upon the real estate or legal charges against the Iowa receiver as holder of the mortgages, under the law of the states where the properties are located, or whether these or any other good-faith expenditures made by the Michigan and Texas receivers to conserve the mortgaged properties during the litigation may or may not afford a basis for an equitable claim for reimbursement in the Iowa-court receivership, is entirely outside the province of this proceeding.

The District Court did not err in refusing to include the limitation sought by appellants in the fourth paragraph of the decree.

Appellants' final attack is upon the fifth paragraph of the decree, which declares that the Iowa receivership is an independent proceeding and not ancillary to the Michigan receivership, and that the Iowa receivership court has exclusive jurisdiction and control of the deposited securities for administration of them pursuant to the Iowa statutes. The paragraph is in conformity with our decision. The questions which appellants autopsically seek to inject, in the hope that their acts outside the State of Iowa, in relation to the mortgaged properties, may here be given some implied recognition of validity, have no place in this proceeding. They are matters for which the answers will have to be sought in an appropriate manner in the proper forum.

The decree of the District Court is affirmed.